UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN ROSALES | Criminal Case No. 23-cr-00589 (RK)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon multiple requests from *pro se* Defendant Jonathan Rosales ("Defendant"), (ECF Nos. 61, 62, 63, 64, 65), requesting copies of his "Plea Agreement; Sentencing Transcripts; Judgment & Commitment; Docket Sheet; Initial Appearance; Detention Hearing; Suppression Hearing; [a]nd any other Hearing that took place in this case." (*See* ECF No. 65.) On February 7, 2024, Defendant, represented by counsel assigned to him pursuant to the Criminal Justice Act ("CJA") (18 U.S.C. § 3006A), pled guilty to one count of conspiracy to commit Hobbs Act robbery and one count of attempted Hobbs Act robbery, (18 U.S.C. 1951(a)). (ECF No. 49.) Subsequently, on June 28, 2024, Defendant was sentenced to a term of imprisonment and supervised release. (ECF No. 59.) To date, Defendant has not filed any appeal in connection with his criminal proceeding to the Third Circuit. Yet, Defendant has filed a flurry of requests with this Court seeking transcripts and filings from the docket because he is "in the process of perfecting [his] appeal" (ECF No. 65) which appears to the Court to be non-existent. Because Defendant asserts he is "indigent, and cannot pay the estimate[d] cost[s] for the above mentioned documents" he is "requesting that the Court waive any cost[s]" associated with providing him copies of the transcripts and filings. (*Id.*)

Given Defendant's *pro se* status, the Court construes Defendant's request as a motion for transcripts, though Defendant has also requested copies of his "Plea Agreement," "Judgment &

Commitment," and "Docket Sheet."[1] 28 U.S.C. § 753(f) provides that the "fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A) . . . shall be paid by the United States out of moneys appropriated for those purposes" and "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States" under certain circumstances. Here, even though Defendant was assigned a CJA attorney for the above-captioned proceeding in the District Court, it does not appear Defendant is pursuing his appeal pursuant to the CJA as his letters to the Court have come from Defendant directly, as opposed to via counsel. (*See, e.g.*, ECF Nos. 61, 62, 63, 64, 65.)

Further, notwithstanding Judgment entered against him on June 28, 2024, Defendant still has not filed a Notice of Appeal to the Third Circuit. (*See* ECF No. 59.) This bars Defendant from obtaining the transcripts and other filings he seeks free-of-charge. *See, e.g., United States v. Jackson*, 302 F. App'x 122, 123 (3d Cir. 2008) ("[W]e are aware of no authority under which the United States may be required to pay the cost of transcripts when no proceeding is pending."); *United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008) ("Neither [18 U.S.C. § 3006A or 28 U.S.C. § 753(f)] . . . authorize the United States to pay for a transcript where no proceeding is pending.")

Therefore, **IT IS** on this 18th day of November, 2024,

**ORDERED** that Defendant's request that the Court waive any cost related to obtaining his transcripts and filings is **DENIED**.

                                                                                    _____
                                                                                    **ROBERT KIRSCH**
                                                                                    **UNITED STATES DISTRICT JUDGE**

---

[1] A courtesy copy of the docket sheet was sent to Defendant on October 25, 2024, along with the total cost for the requested copies of his Judgment and Plea Agreement ($7.50).