NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN ROSALES | Criminal Case No. 23-cr-00589 (RK)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon a *pro se* Motion by Defendant Jonathan Rosales ("Defendant") "to Correct Sentence Pursuant to Amendment 821 of the United States Sentencing Guidelines." (ECF No. 68.)

Defendant pled guilty to one count of conspiracy to commit Hobbs Act robbery and one count of attempted Hobbs Act robbery (18 U.S.C. § 1951(a)). (ECF Nos. 51, 59.) On June 28, 2024, this Court sentenced Defendant to 108 months imprisonment on each count concurrently and three years of supervised release on each count concurrently. (ECF No. 59.) At sentencing, the Court indicated it was using the 2023 U.S. Sentencing Guidelines Manual to calculate Defendant's sentence. (ECF No. 67 at 6:7–8.) In relevant part, the Court found that Defendant's criminal history, "as calculated by Probation, results in a total criminal history score of 6 which places [Defendant] in a Criminal History Category of III." (*Id.* at 7:13–15; *see also* ECF No. 54 ¶¶ 45–49 (calculating four points in juvenile adjudications and two points in adult criminal convictions).) Both the Government and Defendant's counsel at the time averred that this calculation was correct. (ECF No. 67 at 7:15–19.) To date, Defendant has not directly appealed his sentence.

Defendant now moves for a reduction of his sentence on the basis that his sentence was "improperly enhanced" by the addition of two extra points pursuant to U.S.S.G. § 4A1.1(d) as "at the time [of] the instant offense . . . [Defendant] was serving a term of supervision for the State of New Jersey." (ECF No. 68 at 2.) Defendant asserts that the U.S. Sentencing Guidelines have been amended since his sentencing by introducing U.S.S.G. § 4A1.1(e), which "states that zero points would be added to [Defendant's] Criminal History Score if 'the Defendant' was on Supervised Release/Probation at the time of the instant offense." (*Id.*); *see also* 2023 U.S.S.G. § 4A1.1(e) ("Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release . . .").

Defendant's Motion suffers from four fatal defects.[1] *First*, this Motion appears to have been brought in contravention of Defendant's signed Plea Agreement. The Plea Agreement states that "[i]f the term of imprisonment does not exceed 121 months . . . [Defendant] will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel." (ECF No. 51 at 8.) Despite this, Defendant explicitly asks the Court to reduce his sentence in his Motion by "remov[ing] . . . the 2 points and [issuing] the corrected Sentence." (ECF No. 68.) *Second*, U.S.S.G. § 4A1.1(e) was in effect in the 2023 U.S. Sentencing Guidelines utilized by the Court at Defendant's sentencing on June 28, 2024. *See* 2023 U.S.S.G. § 4A1.1(e); *see also Amendment 821*, United States Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821 (indicating effective date of the

---

[1] While Defendant cites 18 U.S.C. § 1651, the Court presumes this Motion has been brought pursuant to 18 U.S.C. § 3582(c)(2) as Defendant seeks a reduction of his sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As the Court addresses hereinabove, the premise of Defendant's motion is misguided as his sentencing range has not been subsequently lowered by the Sentencing Commission.

2

amendment was November 1, 2023). Indeed, Defendant's Final Presentence Investigation Report (the "Final PSR") states, "The 2023 Guidelines Manual *incorporating all guidelines amendments*, was used to determine the defendant's offense level." (ECF No. 54 ¶ 32 (emphasis added)); *see United States v. Oleka*, 206 F. App'x 121, 122 (3d Cir. 2006) ("We agree with the District Court that Amendment 500, which became effective on November 1, 1993, was in place at the time [Defendant] was sentenced in 1994, and, thus, did not 'subsequently lower' [Defendant's] sentencing range in any way.") *Third,* Defendant's Final PSR that was used for totaling his criminal history points makes no mention of U.S.S.G. § 4A1.1(e) or its pre-amended version at U.S.S.G. §4A1.1(d). (*See* ECF No. 54.) It does not appear Defendant received the extra points he argues he received. *Fourth,* even presuming Defendant improperly received two additional criminal history points, his Criminal History Category would still be III, as both four criminal history points and six criminal history points result in a Criminal History Category of III. 2023 U.S.S.G. § 5, Part A. Defendant is incorrect that the removal of the two points would result "in a lower Sentencing Guideline range." (*See* ECF No. 68 at 2.) For these four reasons, Defendant has not established a basis for granting the relief he seeks.

Therefore, **IT IS** on this 26th day of February, 2025,

**ORDERED** that Defendant's Motion (ECF No. 68) is **DENIED**; and further

**ORDERED** that the Clerk of the Court is directed to **TERMINATE** the Motion pending at ECF No. 68; and further

**ORDERED** that the Clerk of the Court is directed to send a copy of this Memorandum Order to Defendant's address on record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**